UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**STANLEY B. DOREMUS**,   Case Number 3:13 CV 217

    Plaintiff,   Judge James G. Carr

    v.   REPORT AND RECOMMENDATION

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.   Magistrate Judge James R. Knepp, II

### INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss. (Doc. 13). By way of background, *pro se* Plaintiff Stanley B. Doremus seeks judicial review of an administrative law judge (ALJ) decision dismissing his request for a hearing after Plaintiff failed to appear at the hearing and failed to respond to a Notice to Show Cause for Failure to Appear. (Docs. 1; 20, at 22-23). This case was referred to the undersigned pursuant to Local Rule 72.2(b)(1). (Non-document entry dated January 30, 2013).

### PROCEDURAL HISTORY

Defendant filed a Motion to Dismiss Plaintiff's complaint, arguing the Court lacks jurisdiction because Plaintiff did not exhaust his administrative remedies. (Doc. 13). Subsequently, Plaintiff filed motions requesting a complete copy of his administrative file, appointment of counsel, and an extension of time to respond to Defendant's Motion to Dismiss. (Docs. 14, 15). On July 11, 2013, the Court denied Plaintiff's request for appointment of counsel, but granted his Motion Requesting Complete Copy of File and afforded him thirty days after the transcript was filed to respond to Defendant's Motion to Dismiss. (Doc. 16).

Defendant filed a Motion to Alter/Amend Judgment, seeking that the portion of its order requiring Defendant to file a complete administrative transcript be withdrawn. (Doc. 17). The Court issued another order, this time requiring Defendant to either (1) file the complete administrative transcript; or (2) file a supplemental affidavit including the correct Notice of Hearing.[1] (Doc. 18). Moreover, the Court, again, provided Plaintiff thirty days after this information was filed to respond to Defendant's Motion to Dismiss. (Doc. 18). On August 12, 2013, pursuant to the second order, Defendant filed an Amended Affidavit/Declaration and mailed a copy to Plaintiff via regular mail. (Docs. 20, 21). Plaintiff has not responded to Defendant's Motion to Dismiss.

## ADMINISTRATIVE BACKGROUND

On January 30, 2013, Plaintiff filed applications for disability insurance benefits (DIB) and supplemental security income (SSI). (Doc. 20, at 2). The applications were denied initially and on reconsideration. (Doc. 20, at 17, 23). On August 21, 2009, Plaintiff filed a request for a hearing. (Doc. 20, at 22).

On January 19, 2011, an ALJ mailed Plaintiff a "Notice of Hearing" to his last known address. (Doc. 20, at 2, 4). The notice explained the procedures for requesting a change in the time or place of the hearing and included a reminder that failure to appear at the hearing could result in dismissal. (Doc. 20, at 4). By telephone, Plaintiff requested transportation to the hearing, but when told he did not qualify, indicated he still planned to attend. (Doc. 20, at 22-23). However, Plaintiff failed to appear. (Doc. 20, at 23).

On March 18, 2011, the ALJ sent a Notice to Show Cause for Failure to Appear at the hearing via ordinary and certified mail instructing Plaintiff to provide a written statement setting

---

1. Apparently in clerical error, Defendant attached the incorrect Notice of Hearing to its Motion to Dismiss. (*See* Doc. 18, at 3).

forth a valid reason for not attending the hearing. (Doc. 20, at 23). Plaintiff failed to respond. (Doc. 20, at 23). On April 8, 2011, the ALJ ordered dismissal of Plaintiff's request for a hearing and on November 9, 2012, the Appeals Council denied Plaintiff's Request for Review. (Doc. 20, at 22-25).

## DISCUSSION

As previously stated, Defendant moves this Court to Dismiss Plaintiff's Complaint for failure to follow administrative procedure; specifically, Plaintiff's failures to appear at the ALJ hearing and to respond to the Notice to Show Cause for Failure to Appear. (Doc. 13-1, at 1). Defendant's Motion raises the issue of whether federal courts have jurisdiction to hear Plaintiff's case.

Under 42 U.S.C. § 405(g), the district court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party". By limiting review to "final decision[s]", the Social Security Act requires administrative exhaustion of remedies. 42 U.S.C. § 405(h). Section 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

*See also Buchanan v. Apfel*, 249 F.3d 485, 489 (6th Cir. 2001) ("Section 405(h) governs the '[f]inality of the Commissioner's decision' on claims arising under the Social Security Act, channeling them through the review procedures provided in § 405(g).").

The Commissioner has the authority to determine at what point his decisions become final and subject to review. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975) ("The term 'final

3

decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." (citing 42 U.S.C. § 405(a))).

The applicable regulations describe the nature of the administrative review process: "If [a claimant is] dissatisfied with [the Commissioner's decision] in the review process, but do[es] not take the next step within the stated time period, [the claimant] will lose [his] right to further administrative review and [his] right to judicial review, unless [he] can show [the Commissioner] that there was good cause for [his] failure to make a timely request for review." 20 C.F.R. §§ 404.900(b); 416.1400(b).

The regulations provide a four-step review procedure. First, a claimant receives an initial determination. §§ 404.902; 416.1402. Second, the claimant may ask for reconsideration of that decision. §§ 404.907; 416.1407. Third, the claimant may request a hearing before an ALJ. §§ 404.929; 416.1429. Fourth, the claimant may request the Appeals Council review the hearing decision. §§ 404.967; 416.1467. The Appeals Council may allow the ALJ's decision to remain the final decision of the Commissioner, or grant review and issue its own decision. §§ 404.981; 416.1481. The regulations provide that the dismissal of a request for hearing is binding on the parties unless the next level of review is involved. §§ 404.959; 416.1459 ("The dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council.").

The Sixth Circuit has held that the dismissal of a hearing request is not within the jurisdictional purview of § 405(g) absent a colorable constitutional claim. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993) (rejecting jurisdiction over an appeal from a denial of a hearing request for untimely filing). Other circuit courts have specifically held dismissal of a hearing request because a claimant failed to appear is not a final decision over

4

which district courts have jurisdiction. *Kiiker v. Astrue*, 364 F. App'x 408, 409 (10th Cir. 2010) ("Thus when, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal.") (citing *Brandyburg v. Sullivan*, 959 F.2d 555, 558-62 (5th Cir. 1992); *Doe v. Sec'y of Health & Human Servs.*, 744 F.2d 3, 4-5 (1st Cir. 1984)).

Here, Plaintiff did not appear for his administrative hearing and the ALJ dismissed his request for a hearing, finding he had not shown good cause for his failure to appear. The Appeals Council declined to review the decision. Consequently, there is no "final decision . . . made after a hearing", 42 U.S.C. § 405(g), for this Court to review and the Court lacks jurisdiction unless Plaintiff can show a colorable constitutional claim, which he has not done. *See Hilmes*, 983 F.2d at 70; *Kiiker*, 364 F. App'x at 409. Accordingly, this Court is without jurisdiction in this matter and Plaintiff's Complaint should be dismissed.

## CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and applicable law, this Court finds it lacks jurisdiction over Plaintiff's case as Plaintiff did not obtain a "final decision" in the administrative process and Plaintiff does not fall within the "colorable constitutional claim" exception. As such, the Court recommends Defendant's Motion to Dismiss be granted.

 s/James R. Knepp II
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).