# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Stanley B. Doremus,                                         Case No. 3:13CV217

        Plaintiff,

  v.                                                         **ORDER**

Carolyn W. Colvin,
        Acting Commissioner of Social Security,

        Defendant.

This is a Social Security case.

After the Social Security Administration (SSA) denied his request for benefits, plaintiff Stanley B. Doremus requested a hearing before an administrative law judge (ALJ). However, plaintiff failed to appear at the hearing, and the ALJ dismissed his hearing request. Plaintiff then filed this suit under 42 U.S.C. § 405(g), challenging that dismissal.

Pending is the Magistrate Judge's Report and Recommendation, which suggests I dismiss this case for lack of jurisdiction. (Doc. 22). Plaintiff filed a timely objection (Doc. 23).

For the following reasons, I overrule plaintiff's objections and dismiss this case for lack of jurisdiction.

## Background

Plaintiff applied for Social Security benefits in December, 2007, but the SSA denied his application. (Doc. 13-4 at 2; Doc. 22 at 2).

The ALJ assigned to plaintiff's case mailed plaintiff a Notice of Hearing, which stated the hearing would occur on March 17, 2011. The Notice admonished plaintiff about the importance of appearing, and it warned him that failing to appear could lead to the dismissal of his case. The Notice also included instructions on how plaintiff could request to reschedule the hearing.

During a phone call with SSA personnel on March 14 – three days before the hearing – plaintiff acknowledged receipt of the Notice and said he would attend the hearing.

Nevertheless, plaintiff failed to appear.

The next day, the ALJ sent plaintiff, through both ordinary and certified mail, a Notice to Show Cause for Failure to Appear. This Notice directed plaintiff to provide a written explanation for his failure to appear, but plaintiff did not respond.

Accordingly, the ALJ dismissed plaintiff's hearing request. The Appeals Council affirmed that decision, leading plaintiff to file suit in this court.

The Magistrate Judge, relying on *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67 (6th Cir. 1993), concluded that "the dismissal of [plaintiff's] hearing request is not within the jurisdictional purview of § 405(g)[.]" (Doc. 22 at 4). This is so, the Magistrate Judge explained, because § 405(g) permits review only of a "final decision of the Commissioner . . . *made after a hearing*[.]" 42 U.S.C. § 405(g) (emphasis added).

Because plaintiff did not attend his hearing, the Magistrate Judge ruled "there is no final decision . . . for this Court to review[.]" (Doc. 22 at 5). The Magistrate Judge recognized the court could have asserted jurisdiction over plaintiff's case if he had raised "a colorable constitutional claim." (*Id.*). However, the Magistrate Judge determined plaintiff had not alleged such a claim.

For these reasons, the Magistrate Judge recommended dismissal for lack of jurisdiction.

**Discussion**

Because plaintiff has filed an objection, I conduct a *de novo* review of those parts of the R&R to which he has objected. 28 U.S.C. § 636(b)(1).

Plaintiff's objection concerns the propriety of the ALJ's decision to dismiss his hearing request; he does not directly address the Magistrate Judge's recommendation that I lack jurisdiction over this case.

However, my analysis must begin with jurisdiction.

Section 405(g) authorizes judicial review of SSA decisions. That section "clearly limits review to a particular type of agency action, a final decision of the Secretary made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

In this case, no hearing occurred: plaintiff failed to attend the March 17, 2011 hearing, and the ALJ dismissed his hearing request after plaintiff ignored the Notice to Show Cause for Failure to Appear.[1]

"[W]hen, as here, the Commissioner dismisses a claim without a hearing due to the claimant's unexcused failure to appear, federal courts lack jurisdiction to review the dismissal." *Kiiker v. Astrue*, 354 F. App'x 408, 409 (10th Cir. 2010); *see also Hilmes*, *supra*, 983 F.2d at 70; *Brandyburg v. Sullivan*, 959 F.2d 555, 558-562 (5th Cir. 1992); *Van Williams v. Soc. Sec. Admin.*, 152 F. App'x 153, 154-155 (3d Cir. 2005).

Because there was no hearing in this case, it necessarily follows that there is no "final decision" for me to review.

---

[1] It is undisputed that plaintiff failed to attend the hearing. Although plaintiff attempted to appear at the hearing telephonically, SSA personnel had advised him before the hearing that appearing by telephone was not permitted. (Doc. 27, Ex. 1).

3

As the Magistrate Judge correctly noted, I may still review the Commissioner's decision if plaintiff has raised a colorable constitutional claim. *Weaver v. Comm'r of Soc. Sec.*, 2014 WL 1364976, *5 (N.D. Ohio) ("A court may not review the Commissioner's dismissal of a hearing request . . . absent a colorable constitutional challenge.").

But on this score too, I agree with the Magistrate Judge that plaintiff has raised no such claim.

## Conclusion

It is, therefore, ORDERED THAT:

1. Plaintiff's objections to the R&R be, and the same hereby are overruled; and

2. This case be, and the same hereby is dismissed for lack of jurisdiction.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge